BC

FILED
8/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAM

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

PETE SZMURLO, )

Plaintiff, )

v. ) Case Nos. 1:24-cv-09900, 1:25-cv-07099,

TK ELEVATOR CORPORATION, et al., ) 1:25-cv-09520, 1:25-cv-09525

Defendants. ) Honorable John J. Tharp, Jr.

_____________________________________________)

PLAINTIFF'S CONSOLIDATED MOTION FOR RELIEF FROM VOID JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(4) AND (d)(3), FOR FRAUD ON THE COURT, LACK OF JURISDICTION, UNCONSCIONABLE SCHEME, AND DENIAL OF A REMEDY

---

## I. INTRODUCTION

[1] Plaintiff Pete Szmurlo, proceeding pro se, respectfully moves this Court for relief from its void judgments in the above-captioned cases. This motion is filed pursuant to Federal Rules of Civil Procedure 60(b)(4) (void judgment) and 60(d)(3) (fraud on the court). This is not a motion to reconsider the merits of Plaintiff's underlying claims. This is a motion to vacate judgments

that were obtained without subject matter jurisdiction, procured by fraud, and maintained as part of an unconscionable scheme to deprive Plaintiff of any remedy for state-law torts.

[2] The Court has admitted it cannot grant relief on the LMRA claim—the very claim it used to justify retaining jurisdiction. In its April 4, 2025 Order, the Court stated: "Nor can the plaintiff construe his existing allegations as a cognizable cause of action under the LMRA... As such, the claim would trigger the statute's six-month statute of limitations and fail on that basis." (1:24-cv-09900, ECF No. 156 at 5). The Defendants have admitted in their own filings that no grievance was ever filed, that they are not covered entities under the statutes they invoked, and that the claims they removed are purely state-law matters. Despite these admissions, the Court repeatedly dismissed Plaintiff's state-law claims on the merits, a classic violation of the rule that a court must first establish jurisdiction before reaching the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

[3] The Plaintiff is not asking this Court to decide the merits of his claims. He is asking the Court to recognize that a judgment obtained without jurisdiction and through fraud is void. The scheme is a closed loop: The Court found no LMRA claim, but retained jurisdiction to dismiss the state claims; when Plaintiff refiled in state court, the Defendants removed again and the Court dismissed under the void judgment's res judicata effect. The Seventh Circuit rubber-stamped this process with a 3-page order, demonstrating that the courts have created a system where union members can never sue for state-law torts. This is an unconstitutional denial of a remedy, and it must end now.

## II. THE UNCONSCIONABLE SCHEME AND CLOSED LOOP

[4] The Defendants have created a "closed loop" designed to shield themselves from liability for state-law torts, including defamation, intentional infliction of emotional distress, and illegal eavesdropping. The scheme operates as follows:

1. Step One: The Fraudulent Removal. Plaintiff files a purely state-law complaint in the Circuit Court of Cook County, alleging defamation, IIED, IPRRA violations, and eavesdropping. The Defendants remove the case to federal court, fraudulently claiming federal question jurisdiction under the LMRA.
2. Step Two: The "No LMRA Claim" Admission. The Court rules that Plaintiff's LMRA claim, if construed as such, is a "hybrid" claim and would be barred by the six-month statute of limitations. (1:24-cv-09900, ECF No. 156 at 5). The Court has admitted there is no viable federal claim. Yet the Court retains jurisdiction and dismisses the state-law claims on the merits.
3. Step Three: The Refiled State Complaint. When Plaintiff refiles his state-law claims in state court, the Defendants remove again. The Court, relying on the res judicata effect of its own void judgment, dismisses the case again. In the August 27, 2025 Order dismissing Case No. 1:25-cv-07099, the Court stated: "Because each named party appeared in the Original Action, that action culminated in final judgment on the merits, and all claims in the operative complaint arise from the same factual allegations at issue in the Original Action, the plaintiff's complaint is barred by the doctrine of res judicata." (1:25-cv-07099, ECF No. 53 at 3).
4. Step Four: The Unconstitutional Filing Injunction. The Court issues a filing injunction that bars Plaintiff from filing any future lawsuit in state or federal court arising from his termination.

The Sanctions Order states: "The plaintiff is hereby enjoined from filing any future lawsuit in federal or state court arising from or in any way related to his termination from TK Elevator against any of the defendants named in the following cases..." (1:25-cv-07099, ECF No. 54 at 1). This injunction was issued to "protect or effectuate" the Court's void judgment, making the injunction itself void.

5. Step Five: The Rubber-Stamp Appeal. The Seventh Circuit Court of Appeals issues a short, 3-page order that does not analyze the merits of Plaintiff's arguments, but simply affirms the district court's dismissal based on precedent that does not apply to the facts of this case. The Seventh Circuit stated: "On appeal, Szmurlo does not engage with the district court's ruling on preemption and instead challenges primarily the district court's denial of his motions to remand." Szmurlo v. TK Elevator Corp., No. 25-1941 (7th Cir. July 14, 2026). The order does not address the fraud on the court, the lack of jurisdiction, or the independent state law duties that are at issue.

[5] This closed loop means that Plaintiff has no remedy. He cannot sue in federal court because the Court has admitted there is no LMRA claim and the federal claims are time-barred. He cannot sue in state court because the filing injunction bars him. He cannot appeal because the Seventh Circuit has rubber-stamped the void judgment. This is the very definition of a denial of due process and a denial of a remedy.

III. THE DEFENDANTS' ADMISSIONS CONSTITUTE FRAUD ON THE COURT

[6] The Defendants have made multiple, sworn statements in various tribunals that directly

contradict the basis for removal. These admissions constitute fraud on the court. A party cannot tell OSHA "no grievance was filed" to defeat a whistleblower claim, and then tell this Court that the claims are preempted by the LMRA because of the grievance process. They cannot tell the OALJ they are not a covered entity under SOX and then use SOX's existence to argue for a federal forum. These contradictions are evidence of a "deliberately planned and carefully executed scheme to defraud the court." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944).

A. Admission of "No Grievance" (Noerr-Pennington Fraud)

[7] In a position statement to OSHA, Defendant TK Elevator stated unequivocally: "no grievance was filed." This statement is a judicial admission by the Defendants. They admitted that the grievance process, which the Court used as the basis for finding LMRA preemption, was never invoked.

[8] If no grievance was filed, then the allegedly defamatory statements were not made "in the grievance process." They were unprivileged publications to a third party (OSHA, CCHR, and competitors), which is an element of a state-law defamation claim. The Court erred in dismissing Plaintiff's defamation claims because no grievance was ever filed, meaning the statements were not shielded by any privilege. The Court's Order stated: "The only publication that occurred within the one-year limitations period—TKE's position statement to OSHA dated September 19, 2023—cannot support the plaintiff's defamation claim for a different reason: As a legally required statement before a quasi-judicial government body, it is shielded by absolute privilege."

(1:24-cv-09900, ECF No. 156 at 2). However, if the statements were made to OSHA and the CCHR, not during a grievance process, they were not privileged.

[9] The contradictory oaths to OSHA, this Court, and the CCHR are clear instances of fraud that strips any privilege afforded by the Noerr-Pennington doctrine. The "sham litigation" exception applies when the litigation is a "mere sham" to accomplish a result otherwise forbidden by law. Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 51 (1993). Here, the sham removal was a conspiracy to defraud the Plaintiff of his state-law remedies, including the anti-SLAPP protections of the Illinois CPA. This is actionable as fraud on the court.

B. Admission of Non-Coverage Under SOX (All Defendants Are Not Employers)

[10] In the pending Sarbanes-Oxley (SOX) whistleblower case (Szmurlo v. ThyssenKrupp Elevator, OALJ Case No. 2025-SOX-00034), Defendant TK Elevator has repeatedly argued that it is not a covered entity and is therefore not subject to the law. In its brief filed on July 14, 2026, the Defendant argued:

"TK Elevator is not, and was not at the time the alleged protected activity occurred, an entity subject to the provisions of SOX."

"'thyssenkrupp Elevator' was never publicly traded nor the subsidiary of an entity covered by SOX."

[11] If the Defendants are not covered by SOX, and if they are not public companies, then the removal of this case based on any federal employment law is fraudulent. The Defendants are using the legal system to have it both ways: using federal law to remove cases, then admitting they are not subject to federal law to avoid liability.

[12] Furthermore, in the same SOX proceedings, the Defendants have admitted that the other named defendants—Otis Elevator, Kone, Schindler, IUEC Local 2, NEIEP, and JAC—are not employers. If these entities are not employers, then the LMRA, which governs employer-employee collective bargaining relationships, cannot apply to them. Their removal of the case was fraudulent because there is no employer-employee relationship that would give rise to LMRA preemption. The Court's failure to address this admission is a fraud upon the court. The Defendants have pleaded themselves out of court by admitting they are not covered by the very laws they invoked to remove the case.

C. Admission of No Employment Relationship with Non-Employer Defendants (They Pleaded the Facts)

[13] In the Court's Order dismissing these defendants, the Court stated: "The only allegations against Otis, Schindler, and Kone are that they 'published defamatory statements' to third parties. The plaintiff has failed to plead any facts suggesting that these defendants did anything wrong." (1:24-cv-09900, ECF No. 156 at 5, n.1).

[14] However, the defendants themselves raised defenses to the claims, demonstrating they clearly understood they were being sued and had engaged in conduct. The Court acknowledged that the allegations were that they "published defamatory statements." The act of publication is an element of defamation. A jury could find that these defendants defamed Plaintiff by receiving and republishing false statements from TK Elevator.

[15] Critically, the Court found that statements made to the union were preempted by the LMRA. However, the Court did not find that statements made to non-employer defendants (Otis, Kone, Schindler) were preempted. These defendants are not parties to the CBA and have no employer-employee relationship with Plaintiff. Any defamation claim against them is a pure state-law claim. The Court's dismissal of these claims without addressing their non-preempted nature is a fraud upon the court.

[16] The Court's Order stated: "It follows that the LMRA bars the plaintiff state-law tort challenges to statements made during the grievance process dictated by the defendants' collective-bargaining agreement." (1:24-cv-09900, ECF No. 156 at 4-5). However, the non-employer defendants were not part of any grievance process. They were third parties who received and republished defamatory statements. The LMRA does not preempt claims against third parties who are not parties to the CBA. The Court's dismissal of these claims is therefore erroneous.

D. Admission of Sham ERISA Removal

[17] The Defendants also claimed ERISA preemption in their removal papers. However, ERISA does not apply to defamation, IIED, eavesdropping, or IPRRA violations. The Court never decided the ERISA defamation claim because the Defendants admitted it was a sham. If the claims are not subject to ERISA, they are not subject to federal jurisdiction. The Court cannot allow the Defendants to assert a federal defense and then abandon it when it is inconvenient. This is the definition of fraud on the court.

IV. THE COURT LACKS SUBJECT MATTER JURISDICTION

[18] The Court has repeatedly admitted it has no viable LMRA claim to adjudicate. The Court's own order states: "Nor can the plaintiff construe his existing allegations as a cognizable cause of action under the LMRA... As such, the claim would trigger the statute's six-month statute of limitations and fail on that basis." (1:24-cv-09900, ECF No. 156 at 5). If there is no LMRA claim, there is no federal question jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

[19] Plaintiff's claims are pure state-law torts: defamation, IIED, IPRRA violations, and illegal eavesdropping. These claims are independent of the CBA and do not require interpretation. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988). The Court must first establish jurisdiction before ruling on the merits. Steel Co., 523 U.S. at 94. The Court did not do so. All orders in the related cases are void.

[20] The Court's reliance on Caterpillar and Rivet is misplaced. The well-pleaded complaint rule

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, 482 U.S. at 392. A defense, including an LMRA preemption defense, does not create a federal question. Rivet v. Regions Bank, 522 U.S. 470, 476 (1998). The Defendants' LMRA defense is a classic "anticipated defense" that cannot create jurisdiction.

[21] Furthermore, the LMRA defense is a sham. The Defendants admitted no grievance was filed. The Court's own order recognizes the LMRA claim is time-barred. The Court cannot retain jurisdiction over state-law claims based on a defense the Defendants have abandoned and the Court has admitted fails. This is a fraud upon the court.

A. Garmon Abstention is Mandatory

[22] Pending proceedings before the National Labor Relations Board (NLRB) invoke mandatory Garmon abstention. Plaintiff has pending NLRB charges (Case Nos. 13-CA-333203 and 13-CB-333534). The NLRB has exclusive jurisdiction over unfair labor practices. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959). The Court was required to abstain and defer to the NLRB's primary jurisdiction. It did not.

[23] The NLRB agent recently admitted she only has jurisdiction over NLRA claims, not over state-law torts. The Court's failure to abstain is a violation of the fundamental principles of federalism and the doctrine of primary jurisdiction. The Court acted in a clear absence of jurisdiction by adjudicating claims that belonged exclusively before the NLRB.

B. The Eavesdropping Claim is Never Preempted

[24] The Plaintiff has asserted a claim for illegal eavesdropping under 720 ILCS 5/14-2. This is a criminal tort. It is a matter of state law and state public policy. It is never preempted by federal law. Garmon, 359 U.S. at 244.

[25] Whether the eavesdropping was committed by the Defendants or the court reporter, the claim belongs in state court. The Court's adjudication of an Illinois eavesdropping claim is an ultra vires act. The Court's own admission that it "has not researched the scope of the Illinois Eavesdropping Act" confirms it lacked jurisdiction to adjudicate this claim. The transcript omission of this admission is a further act of fraud on the court.

C. Independent State Law Duties (Bartlett Exception)

[26] The Court's LMRA preemption analysis is flawed because Plaintiff's claims arise from independent state law duties. In Bartlett v. Connecticut Power & Light Co., 309 F. Supp. 2d 239 (D. Conn. 2004), the court held that claims based on independent state law duties, such as safety regulations and public policy, are not preempted by the LMRA.

[27] Plaintiff's claims are based on independent duties:

· Safety Regulations: The duty to install Crosby clips according to manufacturer requirements

(ASME B30.26) is an independent duty arising from state safety regulations, not the CBA.

· Public Policy: The duty to report safety violations and refuse unsafe work (OSHA 11(c)) is an independent duty arising from state and federal public policy, not the CBA.

· Illinois Personnel Records Review Act (IPRRA): The duty to maintain accurate personnel records is an independent duty under Illinois law, not the CBA.

· Illinois Eavesdropping Act: The duty not to illegally record conversations is an independent duty under Illinois criminal law, not the CBA.

· Illinois Anti-SLAPP Act (CPA): The duty not to engage in retaliatory litigation is an independent duty under Illinois law, not the CBA.

[28] These independent duties are not "substantially dependent" on an analysis of the CBA. The Court's LMRA preemption ruling is therefore erroneous and void.

D. The Court's Hybrid Claim Admission Demonstrates No Jurisdiction

[29] The Court's Order explicitly states that any LMRA claim would be "hybrid" and subject to a six-month statute of limitations. (1:24-cv-09900, ECF No. 156 at 5). By the Court's own admission, there is no live federal claim. The Court cannot retain jurisdiction over a case where the federal claim is time-barred. The Court's only basis for jurisdiction was the LMRA claim, and the Court has admitted that claim fails. Therefore, the Court has no subject matter jurisdiction over Plaintiff's state-law claims.

[30] The Court's statement that it "has already concluded that the LMRA has preemptive force in

a separate order" (1:24-cv-09900, ECF No. 156 at 4) is irrelevant because the Court also concluded that the LMRA claim itself is time-barred. A court cannot use a time-barred claim to assert jurisdiction over state-law claims. This is the very definition of a void judgment.

## V. THE UNCONSTITUTIONAL CLOSED LOOP: NO REMEDY FOR STATE-LAW TORTS

[31] The scheme has created a closed loop where the Plaintiff has no remedy. The Seventh Circuit's refusal to remand, predicated on the same void judgment, is the final step in this unconstitutional process.

### A. OSHA 11(c) Has No Federal Court Review (Unconstitutional Deprivation)

[32] The Defendants submitted falsified documents to OSHA during the 11(c) investigation. When Plaintiff challenged those documents, he was told by OSHA that its determination was unreviewable. There is no right to call witnesses, present evidence, or appeal a dismissal to a federal court. This is an unconstitutional deprivation of due process.

[33] OSHA 11(c) dismisses 99.83% of complaints. The agency is a closed loop that does not allow complainants to introduce their own evidence or call their own witnesses. The only remedy for fraud in the OSHA 11(c) process is a state-law retaliation claim for intentional infliction of emotional distress and defamation. The Defendants knew this, which is why they used the LMRA to block Plaintiff from filing that state-law claim. This is the essence of the unconscionable scheme.

[34] The CCHR, unlike OSHA, provides for certiorari review. This demonstrates that state agencies provide the proper forum for these claims. The Defendants' fraudulent removal was designed to deprive Plaintiff of the state forum where he could obtain review. This is a violation of due process.

B. No Remedy in Federal Court

[35] This Court has made clear that it cannot grant relief on the LMRA claim. The Court's order explicitly states: "Nor can the plaintiff construe his existing allegations as a cognizable cause of action under the LMRA... As such, the claim would trigger the statute's six-month statute of limitations and fail on that basis." (1:24-cv-09900, ECF No. 156 at 5). By the Court's own admission, federal court is not the proper forum for Plaintiff's claims.

[36] The Court's conclusion that Plaintiff "failed to state a claim" is based on a misapplication of the law. The Court's Order stated: "The defendants' alleged actions fall far short of extreme and outrageous conduct. 'In the employment context, Illinois courts have long recognized that personality conflicts and questioning of job performance are unavoidable aspects of employment.'" (1:24-cv-09900, ECF No. 156 at 4). However, Plaintiff's IIED claim is not based solely on "personality conflicts." It is based on the Defendants' extreme and outrageous conduct in fabricating records, filing contradictory statements with government agencies, and engaging in a coordinated scheme to blacklist Plaintiff from his profession. The Court's analysis is superficial and ignores the evidence of the Defendants' malicious conduct.

[37] The Court's Order also ignores the Noerr-Pennington fraud exception. The Defendants' contradictory oaths to OSHA, CCHR, and this Court constitute fraud that strips any privilege. The "sham litigation" exception applies when the litigation is a "mere sham" to accomplish a result otherwise forbidden by law. Professional Real Estate Investors, 508 U.S. at 51. The Court never adjudicated this issue, and by retaining jurisdiction over a time-barred claim, the Court ensured Plaintiff could never obtain relief on his Noerr-Pennington fraud claims. This is a fraud upon the court.

C. No Remedy in State Court

[38] The filing injunction in Case No. 1:25-cv-07099 bars Plaintiff from filing any future lawsuits in state or federal court arising from his termination. The Sanctions Order states: "The plaintiff is hereby enjoined from filing any future lawsuit in federal or state court arising from or in any way related to his termination from TK Elevator against any of the defendants named in the following cases..." (1:25-cv-07099, ECF No. 54 at 1). This injunction was issued to "protect or effectuate" the Court's judgments. Because the underlying judgment is void, the injunction is void. The Plaintiff is effectively barred from the only forum where his state-law claims could be heard.

[39] The Defendants have weaponized the removal process. If Plaintiff files in state court, they remove. If the Court finds the federal claims fail, it does not remand, but instead dismisses the state claims. This is a "Catch-22" that denies due process and the right to a jury trial under the

Seventh Amendment.

D. Unconscionable: Union Members Have Rights; Public Policy is Non-Waivable

[40] The Court's rubber-stamp dismissal creates an unconstitutional rule that union members can never sue for state-law torts. This is false. Union members have rights under state law that cannot be waived by a collective bargaining agreement. Bartlett, 309 F. Supp. 2d 239. Public policy is non-waivable. Palmateer v. Int'l Harvester Co., 421 N.E.2d 876 (Ill. 1981).

[41] The Court's Order states: "It follows that the LMRA bars the plaintiff state-law tort challenges to statements made during the grievance process dictated by the defendants' collective-bargaining agreement." (1:24-cv-09900, ECF No. 156 at 4-5). However, the LMRA does not bar all state-law tort claims. It only bars claims that are "substantially dependent" on an analysis of the CBA. Lingle, 486 U.S. at 407. Plaintiff's claims are not substantially dependent on the CBA. They are based on independent state law duties and the Defendants' fraudulent conduct.

[42] The Court's Order also admits that the LMRA claim is "hybrid" and time-barred. (1:24-cv-09900, ECF No. 156 at 5). If the LMRA claim is time-barred, it cannot be the basis for preempting Plaintiff's state-law claims. The Court cannot have it both ways. It cannot admit the LMRA claim fails and then use it to dismiss state-law claims. This is the definition of an unconscionable scheme.

E. Invited Error: The Court Induced Plaintiff to Refile in the Wrong Court

[43] The Court's Order granted Plaintiff leave to amend the complaint. (1:24-cv-09900, ECF No. 156 at 1). Plaintiff, relying on the Court's admission that the LMRA claim was time-barred and that the Court lacked jurisdiction, reasonably refiled his state-law claims in state court. The Court then dismissed the refiled case based on res judicata, using the void judgment from the first case.

[44] This is the doctrine of invited error. A party cannot induce another party to take a course of action and then penalize them for it. United States v. Boyd, 55 F.3d 239, 242 (7th Cir. 1995). The Court induced Plaintiff to refile in state court by granting leave to amend and admitting the LMRA claim was time-barred. The Court then used the res judicata effect of its own void judgment to dismiss the refiled case. This is a fraud upon the court.

[45] The Court's Order stated: "The complaint is dismissed without prejudice, and the plaintiff may file an amended complaint by 4/25/25." (1:24-cv-09900, ECF No. 156 at 1). Plaintiff, acting in good faith, refiled his claims in state court because the Court had admitted there was no viable federal claim. The Court cannot now use the void judgment to bar Plaintiff from pursuing his state-law claims. This is the very definition of an unconscionable scheme.

F. Barriers and Threats: Extreme Conduct

[46] The Defendants' conduct constitutes extreme and outrageous conduct that goes beyond all possible bounds of decency. Feltmeier v. Feltmeier, 798 N.E.2d 75, 80 (Ill. 2003). The

Defendants:

· Fabricated personnel records to defame Plaintiff.

· Filed contradictory statements with OSHA, CCHR, and this Court.

· Removed the case to federal court to evade Illinois' anti-SLAPP protections.

· Admitted no grievance was filed, but used the grievance process to justify removal.

· Admitted they are not covered by SOX, but used federal law to remove the case.

· Obtained a filing injunction that bars Plaintiff from state court.

· Created a closed loop where Plaintiff has no remedy for state-law torts.

[47] This conduct is extreme and outrageous. It has caused Plaintiff severe emotional distress, financial ruin, and a complete denial of access to justice. The Court's rubber-stamp dismissal of Plaintiff's IIED claim is a denial of due process.

VI. THE COURT'S RUBBER-STAMP DISMISSAL IS UNLAWFUL

[48] The Seventh Circuit's 3-page order affirming the district court's dismissal is a rubber-stamp that does not address the merits of Plaintiff's arguments. The Seventh Circuit stated: "On appeal, Szmurlo does not engage with the district court's ruling on preemption and instead challenges primarily the district court's denial of his motions to remand." Szmurlo v. TK Elevator Corp., No. 25-1941 (7th Cir. July 14, 2026).

[49] The Seventh Circuit's order is eerily short when compared to other defamation cases, which

often have 20+ page opinions. The order does not address:

· The Defendants' contradictory statements to OSHA and the CCHR.

· The Defendants' admission that no grievance was filed.

· The Defendants' admission that they are not covered by SOX.

· The Court's admission that the LMRA claim is time-barred.

· The independent state law duties that are at issue.

· The Garmon abstention doctrine.

· The Noerr-Pennington fraud exception.

· The invited error doctrine.

· The unconstitutional closed loop.

[50] The Seventh Circuit's rubber-stamp dismissal is a violation of due process. The Plaintiff was never given a meaningful opportunity to be heard. The court's decision was based on a record that was tainted by fraud and a jurisdictional defect that was never properly addressed. This is the very definition of a denial of justice.

VII. THE COURT'S USE OF RES JUDICATA IS A FRAUD

[51] The Court's dismissal of Case No. 1:25-cv-07099 was based on res judicata, relying on the judgment in Case No. 1:24-cv-09900. However, res judicata cannot apply when the underlying judgment is void. Myers v. Cnty. of Lake, 30 F.4th 588, 592 (7th Cir. 2022). The Court's Order stated: "Because each named party appeared in the Original Action, that action culminated in

final judgment on the merits, and all claims in the operative complaint arise from the same factual allegations at issue in the Original Action, the plaintiff's complaint is barred by the doctrine of res judicata." (1:25-cv-07099, ECF No. 53 at 3).

[52] However, the Court's application of res judicata is a fraud. The Original Action was dismissed without a proper adjudication on the merits because the Court lacked subject matter jurisdiction. The Court's own order admitted the LMRA claim would fail. The Court cannot use a void judgment to bar Plaintiff from pursuing his state-law claims. This is a fraud upon the court.

[53] Furthermore, Plaintiff's new claims are based on new facts that occurred after the Original Action was filed, including:

· The Defendants' falsified OSHA logs submitted on September 19, 2023.

· The Defendants' defamatory statements to the CCHR on April 15, 2025.

· The Defendants' ongoing IPRRA violations, accruing statutory penalties daily.

· The Defendants' continued blacklisting of Plaintiff, including NEIEP's restriction of Plaintiff's license on January 17, 2024.

[54] These new claims are not barred by res judicata because they arose after the Original Action was filed. Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955). The Court's application of res judicata to these new claims is a fraud upon the court.

VIII. THE DEFENDANTS' REMOVAL WAS A SHAM

[55] The Defendants' removal of this case was a sham designed to deprive Plaintiff of his state-law remedies. The Defendants knew that the LMRA defense was a sham because they admitted no grievance was filed. They knew that the claims were purely state-law torts because they admitted they were not covered by SOX. They knew that the Court lacked jurisdiction because they admitted the LMRA claim was time-barred.

[56] The Defendants' removal was a "snap removal" designed to evade the Illinois Anti-SLAPP Act (735 ILCS 110/1 et seq.). The Illinois Anti-SLAPP Act provides for expedited dismissal and fee-shifting for retaliatory lawsuits. The Defendants removed the case to federal court to avoid the Illinois Anti-SLAPP Act's protections. This is a violation of the well-pleaded complaint rule and a fraud upon the court.

[57] The Defendants' removal was also a violation of the Noerr-Pennington doctrine. The Noerr-Pennington doctrine protects petitioning activity from antitrust liability, but the "sham litigation" exception applies when the litigation is a "mere sham" to accomplish a result otherwise forbidden by law. Professional Real Estate Investors, 508 U.S. at 51. Here, the sham removal was a conspiracy to defraud the Plaintiff of his state-law remedies. This is actionable as fraud on the court.

IX. REQUEST FOR RELIEF

[58] WHEREFORE, Plaintiff Pete Szmurlo respectfully requests that this Court enter an order:

A. Vacating and setting aside all orders in Case Nos. 1:24-cv-09900, 1:25-cv-07099, 1:25-cv-09520, and 1:25-cv-09525, pursuant to Fed. R. Civ. P. 60(b)(4), on the grounds that the judgments are void for lack of subject matter jurisdiction.

B. Vacating and setting aside all orders in the above-referenced cases, pursuant to Fed. R. Civ. P. 60(d)(3), on the grounds that the judgments were procured by fraud on the court and the unconscionable scheme described herein.

C. Finding that the Defendants' contradictory statements to OSHA, this Court, and the OALJ constitute fraud on the court.

D. Finding that the Court's order admitting the LMRA claim is time-barred (ECF No. 156 at 5) establishes the Court lacked subject matter jurisdiction.

E. Finding that the Defendants' admission that "no grievance was filed" destroys the foundation of the LMRA preemption defense and constitutes fraud on the court.

F. Finding that the Defendants' admission that they are "not a covered entity under SOX" and that the other defendants are not employers constitutes fraud on the court and demonstrates the removal was a sham.

G. Finding that the Court's dismissal of claims against non-employer defendants (Otis, Kone,

Schindler) was erroneous because these claims are pure state-law claims not preempted by the LMRA.

H. Finding that the Court's application of res judicata was a fraud because the underlying judgment is void.

I. Finding that the Court's filing injunction is void because it was issued to protect a void judgment.

J. Lifting the filing injunction issued in Case No. 1:25-cv-07099.

K. Remanding Case No. 1:24-cv-09900 (originally filed as Cook County Case No. 2024L009451) to the Circuit Court of Cook County for further proceedings on Plaintiff's state-law claims.

L. Certifying this order for immediate interlocutory appeal under 28 U.S.C. § 1292(b), as it involves a controlling question of law as to the validity of the Court's subject matter jurisdiction and the viability of the filing injunction.

M. Awarding Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Pete Szmurlo

Pete Szmurlo, Pro Se

7951 Calumet Avenue, #1142

Munster, Indiana 46321

(219) 544-1724

peterszmurlo@gmail.com

Dated: August 27, 2026

VERIFICATION

I, Pete Szmurlo, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. I have reviewed the Court's order (ECF No. 156) and confirm that the Court admitted the LMRA claim would fail. I have reviewed the Defendants' filings with the OALJ and confirm their admissions of non-coverage. I have reviewed the OSHA determination and confirm the Defendants admitted no grievance was filed. I have reviewed the Court's orders in Case Nos. 1:25-cv-07099 and 1:25-cv-09525 and confirm the Court relied on the void judgment to dismiss Plaintiff's claims and issue the filing injunction.

/s/ Pete Szmurlo

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026, I served this motion upon all parties via the Court's CM/ECF system and by email to all counsel of record.

/s/ Pete Szmurlo